UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| SHAHINA SIDDIQUA, | : | CASE NO.  19-65388-PWB |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee for the Estate of Shahina Siddiqua, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. |
| | : | |
| MOHAMMAD MONIM HOSSAIN, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Shahina Siddiqua ("**Debtor**"), by and through undersigned counsel, and files this *Complaint* against Mohammad Monim Hossain ("**Defendant**"), and respectfully shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 363(h), 548, 550 and 551.

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157 (b)(2).

1

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in the Chapter 7 bankruptcy case of Debtor Shahina Siddiqua, Case No. 19-65388-pwb (the "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division.

4. Upon information and belief, Defendant is Debtor's cousin.

5. Defendant is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

> Mohammed Monim Hossain
> 2785 Turning Leaf Dr.
> Lawrenceville, GA 30044

6. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

**Statement of Facts**

*a. General Background*

7. Debtor initiated the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on September 27, 2019 (the "**Petition Date**").

8. Plaintiff was appointed to the Bankruptcy Case as interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1).

9. At the conclusion of the meeting of creditors, which was conducted in accordance with 11 U.S.C. § 341(a) on December 3, 2019, Plaintiff became the permanent Chapter 7 Trustee under 11 U.S.C. § 702(d). The duties of Plaintiff include an obligation to "collect and reduce to money the property of the [Bankruptcy E]state. . . ." 11 U.S.C. § 704(a)(1) (2020).

*b. The Property and the Transfers*

10. On or about March 31, 2003, the Ryland Group, Inc. transferred that certain real property with a common address of 2785 Turning Leaf Drive, Lawrenceville, Gwinnett County, Georgia 30044 (the "**Property**") to Defendant and Debtor as joint tenants with the right of survivorship. The deed through which the transfer to Defendant and Debtor was accomplished was recorded in the real property records of Gwinnett County (the "**Real Estate Records**") at Deed Book 31931 beginning at Page 1 on or about April 14, 2003.

11. On or about January 10, 2019, Debtor conveyed her interest in the Property to Defendant pursuant to that certain *General Warranty Deed* (the "**First Transfer**"), which was recorded in the Real Estate Records on January 16, 2019 at Deed Book 56366 beginning at Page 645 (the "**Second Transfer**" together with the First Transfer, the "**Transfers**").

12. According to the Debtor's *Statement of Financial Affairs for Individuals Filing for Bankruptcy* [Doc. No. 1 at Page 12 of 47], Defendant paid no consideration to Debtor in exchange for the Transfers.

*c. Debtor's Financial Condition*

13. As of September 22, 2021, there were unsecured claims filed in the Bankruptcy Case in the total amount of $39,430.41.

14. On her *Schedule E/F: Creditors Who Have Unsecured Claims*, Debtor scheduled total unsecured claims of $49,144.00 [Doc. No. 1 at page 28 of 47].

15. Debtor scheduled total assets with a value of $1,831.00. [Doc. No. 1 at page 19 of 47].

16. Upon information and belief, Debtor's financial condition did not materially change from the date of the Transfers to the Petition Date.

15947612v1

*d. Liens and Encumbrances*

17. On or about April 26, 2019, the Defendant conveyed an interest in the Property to PNC Bank, National Association to secure a home equity line of credit in the maximum amount of $41,300.00. The security deed to PNC Bank was recorded in the Real Estate Records on May 17, 2019 at Deed Book 56598 beginning at Page 150.

18. On or about January 10, 2019, the Defendant conveyed an interest in the Property to Mortgage Electronic Registration Systems, Inc. as nominee for Newrez LLC f/k/a New Penn Financial, LLC to secure a loan in the original principle amount of $240,000.00. The security deed to Newrez was recorded in the Real Estate Records on January 16, 2019 at Deed Book 56366 beginning at Page 646 (just after the recordation of the Warranty Deed from the Debtor to the Defendant).

## COUNT I

**(Avoidance of Transfers
under 11 U.S.C. § 548(a)(1)(B))**

19. Plaintiff realleges the allegations of paragraphs 1 through 18 above as though fully set forth herein.

20. The Transfers were transfers of an interest of Debtor in property.

21. The Transfers were within two (2) years of the Petition Date.

22. Debtor received less than reasonably equivalent value in exchange for the Transfers.

23. Debtor was insolvent on the date of the Transfers or became insolvent as a result thereof.

24. The Transfers were made to or for the benefit of an insider.

25. Pursuant to 11 U.S.C. § 548(a)(1)(B), Plaintiff is entitled to avoid the Transfers made by Debtor to Defendant.

## COUNT II

### (Avoidance of Transfers under 11 U.S.C. § 548(a)(1)(A), Alternative Count)

26. Plaintiff realleges the allegations of paragraphs 1 through 25 above as though fully set forth herein.

27. The Transfers constituted transfers of an interest of the Debtor in property.

28. The Transfers were made within two (2) years of the Petition Date.

29. At the time of the Transfers, the Debtor was insolvent, or the Transfers rendered her insolvent.

30. The Debtor made the Transfers with the actual intent to hinder, delay, or defraud her creditors, as evidenced by the following "badges of fraud:" (a) Debtor received no monetary consideration or value in exchange for the Transfers; (b) the Transfers were to or for the benefit of an insider, her cousin; (c) the Transfers occurred within two (2) years of the Petition Date; (d) prior to and at the time of the Transfers, the Debtor had substantial debts which remain unpaid; and (e) Debtor was insolvent or rendered insolvent as a result of the Transfers.

31. Under 11 U.S.C. § 548(a)(1)(A), Plaintiff is entitled to avoid the Transfers made by Debtor to Defendant.

## COUNT III

### (Recovery of the avoided transfers under 11 U.S.C. § 550)

32. Plaintiff realleges the allegations of paragraphs 1 through 31 above as though fully set forth herein.

5

15947612v1

33. Defendant was the initial transferee of the Transfers and/or the person for whose benefit the Transfers were made.

34. Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is entitled to recover for the Estate the Property interest transferred through the Transfers, or the value of the avoided Transfers, from Defendant.

## COUNT IV

### (Preservation of the avoided transfers under 11 U.S.C. § 551)

35. Plaintiff realleges the allegations of paragraphs 1 through 34 above as though fully set forth herein.

36. Once avoided, the Transfers are automatically preserved for the benefit of the Estate, pursuant to 11 U.S.C. § 551.

## COUNT V

### (Claim for Authority to Sell Real Property Under 11 U.S.C. § 363(h))

37. Plaintiff realleges the allegations of paragraphs 1 through 36 above as though fully set forth herein.

38. Once avoided, the Transfers preserved for the benefit of the Estate will result in the Estate being the co-owner of the Property.

39. The Estate and Defendant own the Property, all improvements thereon, and fixtures attached thereto.

40. Partition in kind of the Property is not practicable.

41. The Bankruptcy Estate would derive very little benefit attempting to sell an undivided one-half interest in the Property to anyone other than Defendant or Debtor.

42. Most, if not all, of the Property's benefit to the Bankruptcy Estate would be eliminated if Plaintiff were unable to sell Defendant's interest in the Property.

43. By selling the Property itself, there is a significant benefit (i.e., increased value) that far outweighs any detriment to Defendant because she would receive one-half of any net sale proceeds.

44. Under 11 U.S.C. § 363(i), either of Defendant or Debtor are free at any time to purchase the Bankruptcy Estate's interest in the Property.

45. The Property is not used in the production, transmission, or distribution for sale of electric energy or of natural synthetic gas for heat, light, or power.

46. Under 11 U.S.C. § 363(h), Plaintiff is entitled to a judgment authorizing the sale of Defendant's interest in the Property and reimbursement for all costs incurred in this action, including interest and attorney's fees.

WHEREFORE, Plaintiff prays that this Court enter a judgment in favor of Plaintiff and against Defendants:

a) avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

b) alternatively, avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(A);

c) requiring Defendant to return to Plaintiff the interest in the Property transferred through the Transfers, or, alternatively, finding Defendant liable for the value of the Transfers pursuant to 11 U.S.C. § 550;

d) preserving the avoided Transfers for the benefit of the Estate, pursuant to 11 U.S.C. § 551;

e) authorizing the sale of Defendant's interest in the Property under 11 U.S.C. § 363(h);

7

15947612v1

Case 19-65388-pwb    Doc 24    Filed 09/22/21    Entered 09/22/21 15:44:45    Desc Main
Document      Page 8 of 8

f) reimbursing Plaintiff for all costs incurred in this action, including interest and attorney's fees; and

g) granting such other and further relief as is just and proper.

Respectfully submitted this 22nd day of September, 2021.

                                        ARNALL GOLDEN GREGORY LLP
                                      *Attorneys for Plaintiff*

                                      By: */s/ Michael J. Bargar*
                                           Michael J. Bargar
                                           Georgia Bar No. 645709
                                           michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
P: (404) 873-8500
F: (404) 873-8501

15947612v1